IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DENNIS M. MONAGHAN and KIMBERLY A. MONAGHAN, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | No. 5:15-CV-430 (CAR) |
| BANK OF AMERICA CORP. d/b/a BANK OF AMERICA, N.A., | : : : | |
| Defendant. | : : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America Corporation d/b/a Bank of America, N.A.'s Motion to Dismiss Plaintiffs' wrongful foreclosure and chose in action claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs, who are represented by an attorney, did not file a response to the Motion, and the time for doing so has long expired. Having considered the Motion, the pleadings, and the applicable law, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED**, and Plaintiffs' Complaint is DISMISSED for failure to state a claim upon which relief may be granted.

### LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]  To avoid dismissal pursuant to Federal Rule of Civil Procedure

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

For purposes of this Motion, the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint.

Plaintiffs filed this action seeking to void the non-judicial foreclosure sale of property located at 2801 Moseley Road, Byron, Georgia 31008 (the "Property"). In October 2010, Plaintiffs obtained a loan from Quicken Loans, Inc. In connection with the loan, Plaintiff Dennis Monaghan (the "Borrower") executed a Promissory Note ("Note") and, as security for the repayment of the loan, both Plaintiffs executed a Security Deed designating Mortgage Electronic Registration Systems, Inc. ("MERS") as the grantee and nominee for Quicken and its successors and assigns.[5] In May 2014, MERS assigned the

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Bell Atlantic Corp.*, 550 U.S. at 556.
[5] Defendant filed copies of the Note and Security Deed as exhibits to its Motion. Although Plaintiffs did not attach the Note and Security to the Complaint, the Court does not have to convert the Motion to Dismiss into one for summary judgment. The Court can review documents specifically referenced in the Complaint, *see*

Security Deed to Defendant.

At some point, the Borrower defaulted on his payment obligations under the Note. In 2014, a barn on the Property burned down, and a $22,776.00 insurance check was issued and made payable to Plaintiffs and Defendant. Plaintiffs requested Defendant's authorization to apply the insurance check to cure the default on the loan, but Defendant did not authorize it. In February 2015, the Borrower filed Chapter 7 bankruptcy and in May received a discharge. On August 4, 2015, the Property was sold at a non-judicial foreclosure sale to Defendant.

Plaintiffs filed suit in September 2015 in the Superior Court of Peach County, Georgia alleging claims for wrongful foreclosure and chose in action claiming Defendant wrongfully withheld its authorization of the insurance check. Thereafter, Defendant removed the action here pursuant to the Court's diversity jurisdiction. Defendant now moves for dismissal of the suit.

## DISCUSSION

<u>Wrongful Foreclosure</u>

To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal

---

*Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997), and can take judicial notice of public records and consider them on a motion to dismiss. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006).

connection between the breach of that duty and the injury it sustained, and damages."[6] Here, Plaintiffs cannot establish these necessary elements. As for the duty Defendant owed Plaintiffs, "[w]hen a power of sale [in a security deed] is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith."[7] By its express terms, the Security Deed allowed Defendant to foreclose upon Plaintiffs' default.[8] It is undisputed Plaintiffs were in default under the Note. Plaintiffs do not allege the notice of foreclosure was advertised improperly or that the foreclosure sale was conducted in bad faith. Thus, no genuine issue of material fact exists as to whether Defendant breached any duty owed to Plaintiffs. Moreover, Plaintiffs were in default under the Note as a result of non-payment. Georgia law provides that failure to make the proper loan payments defeats a wrongful foreclosure claim.[9]

Plaintiffs contend Defendant's failure to authorize Plaintiffs to apply the insurance check to cure the Borrower's default, somehow establishes Defendant unfairly exercised the power of sale in the Security Deed when it foreclosed on the Property. Their contention, however, is without merit. The Security Deed required the Borrower to

---

[6] *Gregorakos v. Wells Fargo Nat. Ass'n*, 285 Ga. App. 744, 747-48 (2007) (internal quotation marks and citation omitted).
[7] *Ceasar v.Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 532 (2013) (internal quotation marks and citations omitted).
[8] Security Deed, pp. 4 & 7, ¶¶ 9 & 18 [Doc. 4-3].
[9] *See Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 370-71 (2004) (finding plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale.).

maintain property insurance and provided that all "insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender."[10] Moreover, "[a]ll or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under Note and this Security Instrument . . . or (b) to the restoration or repair of the damaged Property."[11] Pursuant to the Security Deed, Defendant had the exclusive contractual right to determine whether the insurance check would be used to repair the Property or reduce the indebtedness. Nothing establishes Defendant had any duty to use the insurance proceeds to cure the Borrower's default to support a finding Defendant unfairly exercised the power of sale. Thus, Plaintiffs have failed to state a viable wrongful foreclosure claim.

Chose in Action

"A chose in action is personalty to which the owner has a right of possession in the future or a right of immediate possession which is being wrongfully withheld."[12] The right to personalty, however, can be assigned.[13] Here, the Security Deed expressly divests Plaintiffs of any right to exercise control over the insurance check. As stated earlier, the Security Deed provides that all "insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to,

---

[10] *Id.* at p. 3, ¶ 4.
[11] *Id.*
[12] O.C.G.A. § 44-12-20.
[13] *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480, 481 (1990).

Lender."[14] Moreover, "[a]ll or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument . . . or (b) to the restoration or repair of the damaged Property."[15] Pursuant to the express terms of the Security Deed, Plaintiffs have no right to the insurance proceeds, and thus their chose in action claim fails as a matter of law.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED**, and Plaintiffs' Complaint is hereby DISMISSED.

**SO ORDERED**, this 23rd day of May, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[14] Ex. B at 3.
[15] *Id.*